UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHARLES GEORGE,

               Plaintiff,

-against-

JP MORGAN CHASE MANHATTAN BANK,

               Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-970 (DLI)

IRIZARRY, United States District Judge:

On March 3, 2006, plaintiff, appearing *pro se*, filed this action against JP Morgan Chase Manhattan Bank ("Chase") alleging discrimination and breach of contract.[1] Plaintiff has paid the filing fee to bring this action. For the reasons set forth below, plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

Although unclear when, it appears that plaintiff took out a $26,000 Home Equity Line of Credit loan with Chase. In October 2003, plaintiff enrolled in an Automatic Payment program with Chase in which monthly minimum payments were debited from plaintiff's checking account. In the instant complaint, plaintiff alleges that he

> entered into a contract that Chase bank illegally violated repeatedly. To be specific denial of my right to pay of[f] a loan early. A line of credit to be exact. In my line of Credit, like everyone else's it is like a Credit Card and you can pay it off at anytime. I complained to no avail for well over 3yrs to Chase Bank.

Compl. at p. 2. Plaintiff states that Chase did not allow him to pay off his loan early "so they could

---

[1] On March 3, 2006, plaintiff also filed an action against TransUnion Credit Bureau; Experian Credit Bureau; Equifax Credit Bureau; and JP Morgan Chase Manhattan under the Fair Credit Reporting Act. See Docket No. 06-CV-971 (DLI).

1

keep take more and [h]igher interest payments from my account . . .." Compl. at p. 4, ¶ 13. In addition, plaintiff alleges that Chase "changed the condition of my Line of Credit without my knowledge. At no time or in anyway verbal or otherwise did I agree to this or any adhesion contract." Compl. at p. 2, ¶ e. Plaintiff also alleges that his "rights were violated because I am black, not part of their religious group and\or organization, nor am I rich." Compl. at p. 2.

In August 2005, plaintiff filed an action against Chase, pertaining to these same allegations, in Kings County Civil Court under Index No. 78949 KCV 2005. See Exhibits attached to Complaint. Plaintiff explains that "I took them to State Court and . . . they did not respond and the Judge improperly took on the role of the defendant and told me she cannot do anything for me and the fact they were legally served and they did not respond did not matter." Compl. at p. 3.

Plaintiff fails to state the relief he is seeking in this Court, but alleges that "Chase actions have caused me profit loss, emotional distress, [l]oss of potential actual wages. Now because of Chase's illegal actions my insurance quotes, mortgage quotes etc, are sky high." Compl. at p. 4.

## DISCUSSION

Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed.

R. Civ. P. 12(h)(3).

Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff's complaint does not provide a basis for federal jurisdiction under 28 U.S.C. § 1331. Nor does plaintiff establish that this Court has diversity jurisdiction over his complaint. Federal jurisdiction is not available under 28 U.S.C. § 1332 because diversity of citizenship is not alleged to exist between plaintiff and the defendant. Additionally, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Here, plaintiff's loan was for $26,000, far less than the amount in controversy requirement of § 1332.

Discrimination

Although plaintiff does not cite to the statute, liberally construing his complaint, he may be alleging that defendant violated his rights under 42 U.S.C. § 1981.

Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ... .

The term "make and enforce contracts" is defined as "the making, performance, modification, and

3

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b)

To establish a claim under § 1981, a plaintiff must allege sufficient facts to support the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993). To satisfy the second element, a plaintiff must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar College, 35 F.3d 709, 713 (2nd Cir.1994). Here, plaintiff merely states that

> [m]y rights were violated because I am black, not part of their religious group . . . . If I did not sound Black and spoke like I came from Harvard or was well versed with the law Chase would not have illegally breach[ed] [c]ontracts with me for their own profitable gain.

Compl. at p. 2. Plaintiff fails to describe specific acts or offer any factual allegations to support his conclusory allegations that he was discriminated against on the basis of his race or religious affiliation. No facts are plead that even support an inference of race discrimination or religious animus by defendant. Therefore, plaintiff's minimal allegations, as presented, clearly do not suffice to support a § 1981 claim and do not establish any of the three elements essential to a § 1981 claim.

State Court Action

The status of plaintiff's state court action against Chase is unclear from plaintiff's complaint. Therefore, plaintiff is advised that it is possible that this Court may lack subject matter jurisdiction over his claims pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (Rooker-Feldman doctrine). The Supreme Court recently clarified the contours of Rooker-Feldman in Exxon Mobil Corp. v. Saudi

4

Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517 (2005). The Supreme Court held that where the plaintiff in federal court has been a party to a final judgment in a state court judicial proceeding, and the plaintiff's federal complaint was filed subsequent to the state court judgment and is seeking in substance an appellate review of the state judgment in federal court, the claim is barred. Id. The Court in Exxon, noting that some lower courts had construed the doctrine "to extend far beyond the contours of the Rooker and Feldman cases," id. at 1521, confined its applicability to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22. It is unclear if plaintiff's case is barred by Rooker-Feldman as recently reaffirmed by the Supreme Court in Exxon.

## CONCLUSION

Therefore, plaintiff is afforded an opportunity to establish that this Court has jurisdiction over his complaint. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Plaintiff may file an amended complaint, within thirty (30) days of the date of this order, stating the basis of plaintiff's claim and establishing that this Court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. In addition, if plaintiff chooses, plaintiff may amend his complaint alleging that defendant violated his rights under § 1981. In his amended complaint, plaintiff must allege facts to support the elements of a § 1981 claim, including the dates of all relevant events and a description of what actually occurred. Furthermore, plaintiff shall clearly describe the current status and disposition of his state court case against Chase. Specifically, plaintiff must state whether a final judgment was entered in his state court action.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint

within the time allotted, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
_____
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
April 5, 2006